# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAAIYAH SHABAZZ, on behalf of herself and those similarly situated,<br>3602 Brookbridge Terrace,<br>Harrisburg, PA 17109<br><br>        Plaintiff,<br><br>        v.<br><br>COLONIAL PARK CARE CENTER LLC d/b/a COLONIAL PARK CARE CENTER,<br>800 King Russ Road<br>Harrisburg, PA 17109<br><br>        Defendant. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND WAGES UNDER THE PENNSYLVANIA MINIMUM WAGE ACT AND THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW<br><br>CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Named Plaintiff Daaiyah Shabazz (hereinafter referred to as "Named Plaintiff"), on behalf of herself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Colonial Park Care Center LLC d/b/a Colonial Park Care Center (hereinafter referred to as "Defendant").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law (hereinafter the Pennsylvania statutes are collectively referred to as the "Pennsylvania Wage Laws"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA and Pennsylvania Wage Laws.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Named Plaintiff's federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over related state law claims, because the claims arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendant, because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant residents of this judicial district.

## **PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant Colonial Park Care Center LLC is a Pennsylvania company that owns and operates a skilled nursing facility known as Colonial Park Care Center at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees of Defendant who work or worked for Defendant as "Certified Nursing Assistants" and/or in other non-exempt, hourly positions, who are/were subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any point during the three years preceding the date that the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendant within the last three years whom Defendant required to work overtime hours and then failed to properly pay overtime wages as required by the ("FLSA").

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

14. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

15. Named Plaintiff brings her claims asserting violations of the Pennsylvania Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and on behalf of all persons presently and formerly employed as hourly employees of Defendant who work or worked for Defendant as "Certified Nursing Assistants" and/or in other non-exempt, hourly positions, who are or were subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any point during the three years preceding the date that the instant action was initiated (the members of this putative class are also referred to as "Class Plaintiffs").

16. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

17. Named Plaintiff's claims are typical of the claims of the Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendant within the last three years whom Defendant required to work overtime hours and then failed to properly pay overtime wages as required by the Pennsylvania Wage Laws.

18. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

19. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting

the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

20. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

22. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendant failed to pay proper overtime to Class Plaintiffs for overtime hours worked; and (2) whether Defendant had any good faith basis to conclude that their failure to pay Class Plaintiffs at least 1.5 times their regular rate for overtime hours was legal.

**FACTUAL BACKGROUND**

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. On or around June 26, 2016, Defendant hired Named Plaintiff as a Certified Nurse's Assistant ("CNA").

25. Throughout Named Plaintiff's employment with Defendant, she regularly worked more than 40 hours per workweek.

26. Named Plaintiff did not have the authority to hire or fire other employees of Defendant during her employment.

27. Named Plaintiff did not have the authority to schedule employees of Defendant during her employment.

28. At all times relevant herein, Defendant considered Named Plaintiff as a non-exempt employee entitled to overtime compensation as required by the FLSA and Pennsylvania Wage Laws.

29. Accordingly, at all times relevant herein Named Plaintiff was a non-exempt employee entitled to overtime compensation as required by the FLSA and Pennsylvania Wage Laws.

30. Class Plaintiffs regularly work/worked for Defendant in excess of 40 hours per workweek.

31. Class Plaintiffs do/did not have the authority to hire or fire other employees of Defendant.

32. Class Plaintiffs do/did not have the authority to schedule employees of Defendant.

33. At all times relevant herein, Defendant considered Class Plaintiffs as non-exempt employees entitled to overtime compensation as required by the FLSA and Pennsylvania Wage Laws.

34. Accordingly, at all times relevant herein Class Plaintiffs are/were non-exempt employees entitled to overtime compensation as required by the FLSA and Pennsylvania Wage Laws.

### Failure to Pay All Overtime Owed

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. Named Plaintiff earned a base hourly rate of $13.25.

37. When Named Plaintiff worked the first shift (7 a.m. to 3 p.m.), Named Plaintiff earned only her base hourly rate of pay.

38. However, when Named Plaintiff worked the second shift (3 p.m. to 11 p.m.) Named Plaintiff earned a $1.50 per hour shift differential.

39. Accordingly, when working the second shift, Named Plaintiff earned a total of $14.75 per hour.

40. When Named Plaintiff worked the third shift (11 p.m. to 7 a.m.), Named Plaintiff earned a $1.00 per hour shift differential.

41. Accordingly, when working the third shift, Named Plaintiff earned $14.25 per hour.

42. In or around August 2016, Named Plaintiff received a raise and began earning a base hourly rate of $14.25 per hour.

43. Named Plaintiff continued to earn a $1.50 shift differential for the second shift and a $1.00 differential for the third shift.

44. Accordingly, Defendant did not pay Named Plaintiff any shift differential that exceeded 1.5 times her base hourly rate.

45. Furthermore, Defendant did not pay Named Plaintiff any shift differential for the purpose of compensating her for hours worked in excess of eight (8) hours in a day, 40 hours in a workweek, or 80 hours in a two-workweek period.

46. Defendant failed to use a "weighted average," by not applying all shift differentials earned by Named Plaintiff, when determining her regular rate, upon which her overtime rate was based.

47. Accordingly, Defendant paid Named Plaintiff less than 1.5 times her regular rate for hours that Named Plaintiff worked in excess of 40 hours per workweek.

48. By way of example only, during Named Plaintiff's 2-week pay period of July 10, 2016 through July 23, 2016 (a true and correct copy of Named Plaintiff's paystub for this pay period is attached and incorporated herein as **Exhibit A**):

   a. Named Plaintiff worked a total of 96.25 hours.

   b. Upon information and belief, Defendant utilized the "8 and 80" alternative overtime pay system provided under the FLSA and Pennsylvania Wage Laws when paying overtime wages to Named Plaintiff.

   c. Accordingly, Named Plaintiff worked 16.25 overtime hours.

   d. Defendant paid Named Plaintiff her base hourly rate of $13.25 for each hour she worked ($13.25 * 96.25 hours = $1,275.31).

   e. Defendant also paid Named Plaintiff a 50% overtime premium of only $6.625 per hour ($13.25 x 0.5 = $6.625).

   f. Accordingly, Defendant paid Named Plaintiff $107.66 for each overtime hour she worked ($6.625 * 16.25 hours = $107.66).

   g. Defendant also paid Named Plaintiff shift differential pay in the amount of $141.76.

h. Despite the fact that Named Plaintiff earned shift differential wages, Defendant failed to apply same when calculating her regular rate for the purpose of paying her overtime wages.

i. In calculating Named Plaintiff correct regular rate, Defendant should have used a weighted average by adding together all remuneration earned by Named Plaintiff ($1,275.31 + $141.76 = $1,417.07) and then dividing the total amount by the total number of hours worked ($1,417.07 / 96.25 hours), which yields a regular rate of $14.72 per hour.

j. Accordingly, Defendant should have paid Named Plaintiff a 50% overtime premium rate of $7.36 per hour ($14.72 * 0.5) and therefore a total of $119.60 in overtime wages.

k. Accordingly, Defendant failed to pay Named Plaintiff $11.94 ($119.60 - $107.66) during this pay period.

49. The above is merely an example of Defendant's conduct and demonstrates how same injured Named Plaintiff during a single pay period.

50. Defendant's conduct regularly injured Named Plaintiff in this way throughout her employment with Defendant.

51. Class Plaintiffs earn/earned a base hourly rate.

52. In addition to a base hourly rate, Defendant pays/paid Class Plaintiffs additional wages in the form of shift differentials depending on the shift worked by Class Plaintiffs.

53. Accordingly, Defendant does/did not pay Class Plaintiffs any shift differential that exceeds 1.5 times their base hourly rate.

54. Furthermore, Defendant does/did not pay Class Plaintiffs any shift differential for the purpose of compensating them for hours worked in excess of eight (8) hours in a day, 40 hours in a workweek, or 80 hours in a two-workweek period.

55. Defendant fails/failed to use a "weighted average," by not applying all shift differentials earned by Class Plaintiffs, when determining their regular rates, upon which their overtime rates are/were based.

56. Accordingly, Defendant pays/paid Class Plaintiffs less than 1.5 their regular rate for overtime hours worked by Class Plaintiffs.

57. Defendant's conduct regularly injures/injured Class Plaintiffs in this way throughout their employment with Defendant.

58. Defendant's practice of not applying all shift differentials to determine the regular rate consistently occurred in the vast majority, if not all, pay periods that Named Plaintiff and Class Plaintiffs work/worked, save only the pay periods where Named Plaintiff and Class Plaintiffs did not work overtime hours or where shift differentials were not earned.

59. As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages.

### COUNT I
### Violations of the Fair Labor Standards Act (FLSA)
### (Failure to Pay Proper Overtime Compensation)

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. At all times relevant herein, Defendant was an "employer" within the meaning of the FLSA.

62. At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

63. At all times relevant herein, Named Plaintiff and Class Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

64. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each overtime hour worked.

65. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Class Plaintiffs at least 1.5 times their regular rate of pay for all overtime hours worked.

66. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

67. Defendant's conduct caused Named Plaintiff and Class Plaintiffs to suffer damages.

## COUNT II
### Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Compensation)

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the PMWA.

70. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed by Defendant as "employees" within the meaning of the PMWA.

71. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

72. Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate for each overtime hour worked.

73. Defendant's violations of the PMWA include failing to pay Named Plaintiff and Class Plaintiffs at least one and one-half times their regular rate for all overtime hours worked.

74. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
### Pennsylvania Wage Payment Collection Law ("PWPCL")
(Failure to Pay Wages Earned)

75. The foregoing paragraphs are incorporated herein as if set forth in full.

76. At all times relevant herein, Defendant has and continue to be an employer within the meaning of the PWPCL.

77. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the PWPCL.

78. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

79. Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

80. Defendant's violations of the PWPCL include failing to pay Named Plaintiff and Class Plaintiffs all wages due.

81. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B. Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions;

C. Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages for Defendant's illegal actions, as provided under applicable law;

D. Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E. Named Plaintiff and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

                                                Respectfully Submitted,

                                                ***/s/Matthew Miller***
                                                Matthew D. Miller, Esq.
                                                Justin L. Swidler, Esq.
                                                Richard S. Swartz, Esq.
                                                **SWARTZ SWIDLER, LLC**
                                                1101 Kings Highway N., Ste. 402
                                                Cherry Hill, NJ 08034
                                                Phone: (856) 685-7420
                                                Fax: (856) 685-7417

Dated: March 10, 2017